21-1334-cr
*United States v. Shafer*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty-two.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
            SUSAN L. CARNEY,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*

        v.                                                                  21-1334-cr

JOSHUA SHAFER,

        *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Paul D. Silver, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY |
| **FOR DEFENDANT-APPELLANT:** | Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY |

Appeal from a judgment, entered May 20, 2021, by the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 20, 2021 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant Joshua Shafer appeals from the District Court's judgment of conviction following the District Court's denial of his motion to suppress evidence. On October 16, 2019, Shafer was indicted by a federal grand jury on one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Shortly thereafter, Shafer moved the District Court to suppress certain physical evidence obtained from his residence pursuant to the execution of a search warrant. Following a hearing at which neither party chose to call any witnesses, the District Court denied Shafer's motion to suppress by written order on September 15, 2020.[1] Shafer then conditionally pleaded guilty to the two counts, preserving his ability to appeal the District Court's denial of his suppression motion, which he does now. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"When reviewing the grant or denial of a motion to suppress, we apply a *de novo* standard of review of the district court's conclusions of law and a deferential, clear-error standard of review of the district court's findings of fact." *United States v. Smith*, 967 F.3d 198, 204 (2d Cir. 2020). "To the extent that a district court's determination may involve a mixed question of law and fact, we apply *de novo* review, including to any ultimate determination whether the established facts satisfy the relevant legal standard." *Id.* at 205.

On appeal, Shafer argues that the warrant authorizing the search of his residence — signed by a Syracuse City Court judge on August 12, 2019 — was not supported by probable cause. Specifically, Shafer argues that the affidavit submitted by Adam Rivers, a task force officer ("TFO") for the Drug Enforcement Administration ("DEA"), failed to "establish a sufficient nexus between Shafer's alleged criminal activity and his residence." Def.'s Br. 21. We decline to decide whether or not the warrant was supported by probable cause, however, because — even assuming that warrant

---

[1]    Shafer also moved the District Court to suppress evidence obtained through a GPS mobile tracking device installed on his vehicle and any evidence relating to his telephone. The District Court denied those portions of Shafer's motion as well, and Shafer does not challenge those rulings on appeal.

was constitutionally defective — we conclude that law enforcement officers' reliance on the warrant was objectively reasonable and made in good faith.

"[E]vidence seized pursuant to a defective warrant will not be suppressed if it was 'obtained in objectively reasonable reliance' on the invalid warrant." *United States v. Purcell*, 967 F.3d 159, 179 (2d Cir. 2020) (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984)). For the so-called good faith exception to apply, "[t]he burden is on the government to demonstrate the objective reasonableness of the officers' good faith reliance on an invalidated warrant." *United States v. Clark*, 638 F.3d 89, 100 (2d Cir. 2011) (internal quotation marks omitted). We decide whether the good-faith exception applies keeping in mind that "most searches conducted pursuant to a warrant [are] likely [to] fall within its protection." *Id.* As relevant here, the Supreme Court has stated that when an officer "rel[ies] on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," the good-faith exception does not apply. *Leon*, 468 U.S. at 923 (internal quotation marks omitted). On appeal, Shafer argues that TFO Rivers's warrant application was based on such a defective affidavit, rendering any reliance on the subsequently issued warrant objectively unreasonable. We, like the District Court did below, do not agree.

Affidavits in the "so lacking in indicia of probable cause" category are primarily those that are "bare bones, *i.e.*, totally devoid of factual circumstances to support conclusory allegations." *Clark*, 638 F.3d at 103. By contrast, TFO Rivers's affidavit provided specific (if indirect) factual allegations supporting the inference that Shafer's residence would contain evidence of his illegal drug activities. For example, TFO Rivers's affidavit states that following a DEA confidential source's controlled purchase of a white powder (which later tested positive for cocaine) from Shafer, GPS tracking showed that Shafer's vehicle arrived inside an enclosed garage in the apartment building of Shafer's residence. From this information, it arguably could be inferred that Shafer entered his residence with the proceeds of the sale. The affidavit also states that Shafer's vehicle was parked in the apartment building's garage overnight during July 2019 and the first 11 nights of August 2019; according to the affidavit, this time frame corresponds to the date that surveillance indicated what appeared to be a large-scale drug transaction in Shafer's presence at the business he owned. And TFO Rivers states that his "investigation, training[,] and experience" led him to believe that Shafer "utilizes his apartment . . . to stash narcotics/illegal substances and the proceeds of the sale of narcotics/illegal substances." App'x 62. Under these circumstances, we cannot say that TFO Rivers's affidavit was so lacking in indicia of probable cause that the law enforcement officers executing the search of Shafer's residence were objectively unreasonable in relying on the warrant.

3

We have considered all of Shafer's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the May 20, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk